# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GARCIA RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>K. PEARSON, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-cv-01746-SMS PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

**Screening Order**

**I.      Screening Requirement**

Plaintiff Jose Garcia Rodriguez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 5, 2009. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II.     Plaintiff's Claims

### A.     Allegations

Plaintiff, an inmate incarcerated at California State Prison-Corcoran, alleges violations of his rights under the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment arising from a disciplinary hearing in which he was found guilty of battery on an inmate with a weapon. Plaintiff was assessed a twenty-four month term in the Security Housing Unit. (Comp., court record p. 48.) Plaintiff also alleges a claim arising out of the denial of his request for discovery in a state court proceeding.

Plaintiff names as defendants Lieutenants K. Pearson and D. Mathews, Sergeant R. T. Miles, Captains V. Marmocijo and M. Jennings, Officer M. Geston, former California Department of Corrections and Rehabilitation (CDCR) Director Cal Terhune, and Warden Derral G. Adams. Plaintiff is seeking damages and declaratory and injunctive relief.

### B.     Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those

deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Although Plaintiff alleges his Eighth Amendment rights were violated, his complaint is devoid of *any* facts showing that he was subjected to a substantial risk of harm or that Defendants knowingly disregarded that risk of harm.  Therefore, Plaintiff's Eighth Amendment claim fails.

### C.  Due Process Claim

The Due Process Clause protects against the deprivation of liberty without due process of law.  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005).  In order to invoke the protection of the Due Process Clause, Plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Id.  Liberty interests may arise from the Due Process Clause itself or from state law.  Id.  The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement."  Id.  Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995).  Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Assuming Plaintiff is able to allege facts sufficient to show he was deprived of a protected liberty interest, Plaintiff must demonstrate that he was denied the limited procedural protections he was due under federal law. With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are:  (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense,

when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Wolff v. McDonnell, 418 U.S. 539, 563-71, 94 S.Ct. 2963 (1974). As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

Plaintiff alleges his due process rights were violated because his requests for the assistance of an investigative employee and to call an inmate witness during the hearing were denied. In addition, Plaintiff alleges various violations of Title 15 regulations.

The violation of Title 15 regulations provides no basis for the imposition of liability in this action and those claims are dismissed, with prejudice. Sandin, 515 U.S. at 483-84. Plaintiff does have a right under federal law to the appointment of an investigative employee and to call witnesses, although the right is not unqualified. Wolff, 418 U.S. at 566-70. However, to pursue a claim for denial of those procedural protections, Plaintiff must first establish the existence of a liberty interest, and he has not done so.[1] Wilkinson, 545 U.S. at 221.

Plaintiff does not have a right, as a matter of law, to avoid confinement in administrative or disciplinary segregation and Plaintiff has alleged no facts demonstrating that he was subjected to atypical and significant hardship. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted). Therefore, Plaintiff fails to state a claim for denial of due process. The Court will provide Plaintiff with the opportunity to file an amended complaint.

---

[1] Plaintiff has a protected liberty interest in avoiding the forfeiture of time credits. However, Plaintiff's credit forfeiture was set aside, and if it had not been set aside, that forfeiture would have barred Plaintiff's section 1983 claim. Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005). (Comp., court record pp. 43, 57.)

4

1    **D.    Denial of Discovery Motion in State Proceedings**

2    The legal basis for this claim is unclear, but Plaintiff alleges he was wrongfully denied
3    discovery by the Kings County Superior Court in his habeas case. The state court's decision to deny
4    Plaintiff's motion for discovery provides no basis for liability in this action. Nurre v. Whitehead, 580
5    F.3d 1087, 1092 (9th Cir 2009) (section 1983 claims must be premised on the violation of the
6    Constitution or other federal rights). Plaintiff may not challenge the state court's discovery rulings
7    in this case, and this claim is dismissed, with prejudice, for failure to state a claim. See Noel v. Hall,
8    341 F.3d 1148, 1158 (9th Cir. 2003) (federal courts must refuse to hear what are forbidden de facto
9    appeals from state court judicial decisions).

10   **E.    Defendants Terhune and Adams**

11   Finally, Plaintiff seeks to impose liability on former CDCR Director Terhune and Warden
12   Adams for failing to remedy the due process violations he challenged via the prison's administrative
13   grievance process. Defendants Terhune and Adams may not be held liable for the violation of
14   Plaintiff's right under the theory of *respondeat superior*. Iqbal, 129 S.Ct. at 1948-49. Further, the
15   existence of the grievance process creates no substantive rights upon which to base a claim for relief.
16   Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.
17   1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001). Even assuming Plaintiff is able to cure
18   the deficiencies in his procedural due process claim, there is no basis for the imposition of liability
19   on Defendants Terhune and Adams and Plaintiff's claim against them is dismissed, with prejudice.

20   **III.   Conclusion and Order**

21   Plaintiff's complaint fails to state a claim upon which relief may be granted under section
22   1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson,
23   809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding
24   new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir.
25   2007).

26   Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
27   named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
28   Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient]

5

to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's claim arising from the denial of his discovery motion in state court and Plaintiff's claim against Defendants Terhune and Adams are dismissed, with prejudice, for failure to state a claim;
3. Plaintiff's complaint, filed October 5, 2009, is dismissed for failure to state a claim upon which relief may be granted;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   January 31, 2011**              /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE