IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GARCIA RODRIGUEZ, | 1:09-cv-01746-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| vs. | (Doc. 16) |
| K. PEARSON, et al., | |
| Defendants. / | |

On February 28, 2011, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1981). In making this determination, the Court must evaluate the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved and the likelihood of success on the merits. Palmer at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. Palmer 560 F.3d at 970 (citation and quotation marks omitted); Wilborn 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances. The record in this case reflects that Plaintiff is amply capable of articulating his claims pro se and in light

1  of the screening order dismissing this action for failure to state a claim, the Court cannot find that
2  Plaintiff is likely to succeed on the merits. Therefore, Plaintiff's request for the appointment of
3  counsel is HEREBY DENIED.

5  IT IS SO ORDERED.

6  **Dated:    April 25, 2011**                              /s/ Sheila K. Oberto
                                                        UNITED STATES MAGISTRATE JUDGE