# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GARCIA RODRIGUEZ, | CASE NO. 1:09-cv-01746-SKO PC |
| Plaintiff, | SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983, COUNTING DISMISSAL AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(G), AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| v. | |
| K. PEARSON, et al., | |
| Defendants. | |
| | (Doc. 17) |

## Screening Order

**I.     Screening Requirement and Standard**

Plaintiff Jose Garcia Rodriguez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 5, 2009. On January 31, 2011, the Court screened Plaintiff's complaint and dismissed it, with leave to amend, for failure to state a claim. Pending before the Court is Plaintiff's amended complaint, filed February 28, 2011.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 129 S.Ct. at 1949; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**II.   Plaintiff's Amended Complaint**

   **A.   Allegations**

Plaintiff, an inmate housed in the Security Housing Unit (SHU) at California State Prison-Corcoran, brings this action against Captains V. Marmocijo and M. Jennings, Lieutenant D. Mathews, Sergeant A. Morrison, Correctional Officer M. Geston, and Warden Raul Lopez for allegedly violating his rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Plaintiff is seeking declaratory and injunctive relief arising out of events which led to his initial placement in the SHU following a prison disciplinary conviction in 2008 and then led to a recommendation in 2010 that he be assessed an indeterminate SHU term for non-disciplinary reasons.

On June 10, 2008, Plaintiff was placed in administrative segregation (ad-seg) and charged with a prison rules violation of battery on an inmate with a weapon. On June 12, 2008, Plaintiff

appeared before Defendant Marmocijo for an initial segregation hearing. Plaintiff requested the appearance of inmate Cuesta as a witness, but Defendant Marmocijo denied his request without a reason and did not make a statement on the record regarding the issue.

On June 18, 2008, a staff member appeared at Plaintiff's cell door and asked him if he needed an interpreter. Plaintiff, a native Spanish speaker, said that he did and the staff member left. On June 21, 2008, Defendant Geston came to Plaintiff's cell and told him that he would not be getting an interpreter because his file showed he had more than a 4.0 grade average. Defendant Geston asked Plaintiff if he wanted to postpone the rules violation hearing pending the outcome of the case referral to the District Attorney's Office and if Plaintiff wanted an investigative employee (IE) assigned. Plaintiff waived the postponement of the hearing in writing and requested the assignment of an IE.

On July 18, 2008, Plaintiff appeared before Defendant Mathews, a senior hearing officer (SHO), for his rules violation hearing. Defendant Jennings was also present. Plaintiff objected to Defendant Mathews acting as the SHO, requested the appearance of witnesses, and stated that he had requested an IE. Defendant Mathews failed to call Plaintiff's witnesses and told Plaintiff that the reports documented Plaintiff's receipt of the IE statement at least twenty-four hours before the hearing. While prison records reflected that Defendant Geston was assigned as Plaintiff's IE and met with him, Plaintiff informed Defendant Mathews that he had never been interviewed by an IE or provided with a statement.

On August 8, 2008, after being found guilty, Plaintiff appeared before the institutional classification committee (ICC). Plaintiff told the ICC that his due process rights had been violated, but the committee said the report showed everything had been done correctly and the ICC assessed a twenty-four month SHU term against Plaintiff with a MERD (minimum eligible release date) of December 10, 2009.

Plaintiff moved from ad-seg to the SHU on September 17, 2008, and he was cleared for double celling and group recreational yard. Plaintiff and another inmate agreed to be celled together and the floor officers agreed to it, but Defendant Morrison refused to house them together. On or around October 20, 2008, during an escort from the yard to Plaintiff's cell, Defendant Morrison

asked Plaintiff how he "got away with it," referring to Plaintiff's commitment offense. (Doc. 17, Amend. Comp., pp. 8:1-4 & 15:5-8.) Plaintiff ignored the question, which angered Defendant Morrison.

The building was searched on October 22, 2008, and prison officials found two inmate-manufactured weapons. Based on the discovery of the weapons, the receipt of confidential information that Plaintiff was the possible target of a planned assault by the Southern Hispanic group, and Plaintiff's commitment offense, Defendant Morrison took away Plaintiff's double cell and recreational yard privileges.[1] Plaintiff appealed the rescission of his double cell and yard privileges, and on October 29, 2008, Plaintiff appeared before the ICC, which approved Defendant Morrison's recommendation and placed Plaintiff on single-cell/walk-alone yard status.

Finally, Plaintiff alleges that Defendant Lopez kept Plaintiff on SHU status based on the information Defendant Morrison said he received.

### B. Due Process Claims

#### 1. Placement in Administrative Segregation

Plaintiff alleges that Defendant Marmocijo's failure to call Plaintiff's requested witness at his initial segregation hearing and document it in the record violated his right to due process.

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections he is entitled to under the law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472,

---

[1] Plaintiff has an "R" suffix designation in his file, denoting his sex-based commitment offense. (Ex. J.) Based on Plaintiff's exhibits, an inmate informed custody staff on October 22, 2008, that he wanted to disassociate himself from the Southern Mexican inmate group and informed them that he had two weapons in his cell. (Id.) Plaintiff was purportedly targeted for assault with those weapons based on his "R" suffix classification because such a classification is considered unacceptable to the Southern Mexican group. (Id.)

4

481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff has not alleged any facts supporting the existence of a liberty interest in remaining free from ad-seg, which precludes him from bringing a due process claim. Wilkinson, 545 U.S. at 221; Sandin, 515 U.S. at 484; May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997). Additionally, in no event did Plaintiff's placement in ad-seg entitle him to have witnesses called at his initial segregation hearing. Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986), abrogated in part on other grounds by Sandin, 515 U.S. 472. Accordingly, Plaintiff's claim against Defendant Marmocijo shall be dismissed for failure to state a claim.

### 2. Assessment of SHU Term

Plaintiff was found guilty of the disciplinary charge against him by Defendant Mathews and he was assessed a twenty-four month SHU term.[2] Plaintiff alleges that his request for witnesses was denied and he was deprived of staff assistance by an IE, both of which were procedural protections to which Plaintiff may have been entitled.[3] Wolff v. McDonnell, 418 U.S. 539, 566-70, 94 S.Ct. 2963 (1974).

However, Plaintiff's amended complaint is devoid of any allegations supporting the existence of a liberty interest in remaining free from the SHU. Wilkinson, 545 U.S. at 221; Sandin, 515 U.S. at 484; Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Accordingly, because Plaintiff has not shown the existence of a protected liberty interest, his procedural due process claims against Defendants Mathews, Geston, and Jennings necessarily fail.

///

---

[2] Plaintiff was also initially assessed a credit forfeiture, but that was set aside. (Amend. Comp., court record pp. 47, 57, & 60.)

[3] Plaintiff's exhibits indicate that based on his reading level, prison officials found he requires special accommodation to achieve effective communication. (Ex. L, court record pp. 75 & 77.)

5

### 3. Placement on Single Cell Status and Walk-Alone Status

Plaintiff challenges Defendant Morrison's recommendation that Plaintiff be moved from double-cell, group recreational yard status to single-cell, walk-alone yard status on October 22, 2008, a recommendation which was approved by the ICC. (Amend. Comp., Ex. K; Ex. L, court record p. 72.) However, Plaintiff does not have a protected interest in double-cell status or group recreational yard. The Court also notes that although Plaintiff argues that he never had trouble with the Southern Hispanics and questions the information, there are no facts present which suggest that Defendant Morrison committed any misconduct in taking action based on the information or that the information was in fact erroneous.[4] Plaintiff's claim against Defendant Morrison is not cognizable and shall be dismissed.

### 4. DRB Referral Memorandum

Finally, Plaintiff added a new claim in his amended complaint against Defendant Lopez arising out of Defendant's written memorandum referring Plaintiff to the Departmental Review Board for approval of an indeterminate SHU term.[5] The referral, issued June 4, 2010, was based on an ICC action taken on December 2, 2009, and the stated grounds for the referral were Plaintiff's safety concerns with the Southern Mexican population on general population facilities based on his "R" suffix classification and Plaintiff's refusal to go to a sensitive needs yard. (Ex. J, p. 64-65.)

Again, Plaintiff fails to set forth any facts supporting the existence of a liberty interest in being free from SHU confinement. In addition, Plaintiff fails to set forth any facts showing that Defendant Lopez violated his rights by depriving him of any procedural protections to which he was due relating to the assessment of the indeterminate SHU term. Accordingly, Plaintiff's claim against Defendant Lopez shall be dismissed.

///

---

[4] Plaintiff describes the information in various places in the amended complaint as supposed confidential information, rumor, and hearsay, and he asserts that Defendant Morrison fabricated it, but at most, Plaintiff's allegations suggest a mere possibility of misconduct. Iqbal, 129 S.Ct. at 1949. (Amend. Comp., pp. 5:27-28, 6:1, 15:19, & 17:25-26.) The amended complaint is devoid of factual matter sufficient to raise an inference that the information was false or that the ICC's decision to place Plaintiff on single-cell status or walk alone yard was wholly baseless and unsupported. Id. (E.g., Amend. Comp., Ex. L, court record p. 74.)

[5] Reference to Exhibit J is necessary to identify the basis for Plaintiff's claim against Defendant Lopez.

6

### III. Conclusion and Order

Plaintiff fails to state any cognizable due process claims against Defendants Marmocijo, Jennings, Mathews, Morrison, Geston, and Lopez under section 1983. Plaintiff was previously notified of the deficiencies in his claims, provided with the applicable legal standards, and given the opportunity to amend, but he was unable to state any cognizable claims and based on the record, further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim under section 1983, and this dismissal SHALL count as a strike pursuant to 28 U.S.C. § 1915(g). The Clerk of the Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

Dated:   April 27, 2011                                         /s/ Sheila K. Oberto
                                                                       UNITED STATES MAGISTRATE JUDGE