# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GARCIA RODRIGUEZ, | CASE NO. 1:09-cv-01746-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | (Doc. 23) |
| K. PEARSON, et al., | |
| Defendants. | |

Plaintiff Jose Garcia Rodriguez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 5, 2009. On April 27, 2011, the Court dismissed this case, with prejudice, for failure to state any claims under section 1983 and entered judgment. 28 U.S.C. § 1915A; Fed. R. Civ. P. 8(a). On May 17, 2011, Plaintiff filed a motion seeking reconsideration. Fed. R. Civ. P. 60(b)(6).

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief, and it "is to be used sparingly as an equitable remedy to prevent manifest injustice . . . only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control. . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

    "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

    Plaintiff disagrees with the Court's ruling that his amended complaint failed to state any claims under section 1983 and he seeks another opportunity to amend. When Plaintiff's original complaint was dismissed, Plaintiff was provided with detailed notice of the deficiencies, detailed notice of the applicable legal standards, and an opportunity to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff's disagreement with the Court's ruling on his amended complaint and Plaintiff's desire for yet another opportunity to amend are not extraordinary circumstances justifying reconsideration. Harvest, 531 F.3d at 749.

    As Plaintiff has not shown that the Court erred in its evaluation of his amended complaint, his motion for reconsideration, filed May 17, 2011, is HEREBY DENIED, with prejudice.

IT IS SO ORDERED.

**Dated:**   May 19, 2011                    /s/ Sheila K. Oberto
                                                     UNITED STATES MAGISTRATE JUDGE